## UNITED STATES v. NEW AMSTERDAM CASUALTY CO.

### Clv. A. No. 3504.

District Court, E. D. Pennsylvania.

Jan. 28, 1944.

Julian R. Eagle, Atty. for Alcohol Tax Division, Gerald A. Gleeson, U. S. Atty., and Joseph E. Gold, Asst. U. S. Atty., all of Philadelphia, Pa., for plaintiff.

Raymond J. Porreca and Raymond A. White, both of Philadelphia, Pa., for defendant.

BARD, District Judge.

Defendant, a surety company, on behalf of Fernwood Brewing Company, a brewer of beer, executed to the United States of America certain bonds required by law. The conditions of these bonds were that the principal pay the tax on all beer manufactured by it before the beer was sold or removed for consumption, keep rec-

ords as required by law, and comply with the requirements of the law relating to the manufacture and sale of malt liquors.

The present action is brought to recover on these bonds because of breach of these conditions by the principal. The complaint alleges that between July 1, 1935 and December 31, 1938 the principal sold and removed for consumption 3,080 barrels of beer without paying the required tax thereon. It further sets forth that as a consequence of such sale and removal the principal became liable for taxes in the amount of $15,400 which were assessed against it by the Commissioner of Internal Revenue and were duly listed as follows:

"February List 1943, Page 550, line 4      $14,310
     Tax on 2,862 barrels of beer @ $5 per barrel—July 1935 to February 28, 1938

February List 1943, page 550, line 2      920.
     Tax on 184 barrels of beer @ $5 per barrel—March 1 to November 13, 1938

February List 1943, page 550, line 3      170.
     34 barrels of beer @ $5 per barrel—November 14 to December 31, 1938

       Total      $15,400"

No payment having been made by the principal or the surety after demand, the present action was instituted.

Defendant has filed a motion for a more definite complaint under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in which it seeks to compel plaintiff to set forth the exact dates on which the removal of the beer in question is alleged to have taken place rather than merely the periods between which it allegedly took place.

The sole question is whether defendant requires this information in order to prepare its responsive answer. I am not convinced that it does. It was indicated by counsel for the United States at oral argument, although not specifically set forth in the complaint, that the removal of the beer by the principal had been made surreptitiously and that exact dates were not available. In any event, if the information sought is known to plaintiff and defendant requires it in order to prepare for trial it may be obtained by the pretrial discovery procedure provided by the rules.

In considering this matter, my attention has been called to the large number of authorities dealing with the question whether particular information is properly obtainable prior to trial by a motion for a more definite complaint or by discovery proceedings. It seems to me that much time, effort and useless litigation could be avoided by a frank recognition by attorneys that under the present rules certain information is obtainable by their adversaries prior to trial by one method or another. Similarly, those seeking such information should equally frankly recognize that in most instances the obtaining of the information is far more significant than the form in, or method by, which it is obtained. I am convinced that such an approach would often lead to informal disclosure of information sought and would further the purpose of the rules to speed the process of justice and make the outcome of litigation depend increasingly on the merits of the cause rather than on technicalities.

These remarks are made without reference to, or reflection on, counsel in the present case or in any other case likewise presenting a close question.

Motion denied.